**UNITED STATES of America,**
**Plaintiff – Appellee,**

v.

**Omar MEDRANO–GALLEGOS,**
**Defendant – Appellant.**

**No. 03–10183.**
**D.C. No. CR–02–05221–AWI.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 11, 2004.*

Decided May 13, 2004.

David L. Gappa, USF–Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Ann H. Voris, FPDCA–Federal Public Defender's Office (Fresno), Fresno, CA, for Defendant–Appellant.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before B. FLETCHER, TROTT and FISHER, Circuit Judges.

## MEMORANDUM**

Medrano–Gallegos appeals his conviction and sentence under 8 U.S.C. § 1326 for being a deported alien found in the United States. We have jurisdiction under 28 U.S.C. § 1291. Because, as Medrano–Gallegos concedes, he had no plausible grounds for relief from removal at the time he was originally removed from the United States, he cannot demonstrate actual prejudice from any procedural flaws in the underlying removal and we therefore affirm his conviction. *See United States v. Garcia–Martinez*, 228 F.3d 956, 963–64 (9th Cir.2000).

The government has conceded that because of a mistake in the Presentencing Report the district court plainly erred by adjusting Medrano–Gallegos' base offense level upward 16 levels, as opposed to the 12–level adjustment that the government believes would have been appropriate. We therefore remand the case to the district court for the limited purpose of resentencing. *United States v. Davis*, 36 F.3d 1424, 1435 (9th Cir.1994).

**AFFIRMED in part, REVERSED in part and REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).